ANDREWS KURTH LLP
Ralph W. Tarr, State Bar No. 072893
rtarr@andrewskurth.com
601 South Figueroa, Suite 3700
Los Angeles, California 90017
Telephone: 213.896.3100
Facsimile: 213.896.3137

ANDREWS KURTH LLP
Jeffery Gordon (*pro hac vice*)
jgordon@andrewskurth.com
111 Congress Avenue, Suite 1700
Austin, Texas 78701
Telephone: 512.320.9200
Facsimile: 512.320.9292

Attorneys for Defendants
JOHN M. LINTON
and CLEARVIEW PARTNERS, LLC

(Space Below Reserved for Filing Stamp Only)



# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| RICHARD WHITMAN,<br><br>Plaintiff,<br><br>v.<br><br>JOHN M. LINTON, an individual, and CLEARVIEW PARTNERS, LLC, A Texas Limited Liability Company,<br><br>Defendants. | Case No. CV-07-05829 SVW-RCx<br><br>*The Honorable Stephen V. Wilson*<br><br>[PROPOSED] STIPULATED PROTECTED ORDER<br><br>NOTE CHANGES MADE BY THE COURT. |

It is stipulated and agreed by and between counsel for Richard Whitman and Clearview Partners, LLC ("Clearview") and John M. Linton that the terms and conditions of this Protective Order shall govern the handling of documents, depositions, pleadings, exhibits and all other information exchanged by the parties in this Action, or provided by or obtained from non-parties in this Action.

/ / /

/ / /

## SCOPE

1. This Protective Order shall apply to all documents, depositions, pleadings, exhibits and all other material or information subject to discovery in this Action, including responses to requests for production of documents, answers to interrogatories, responses to requests for admissions, deposition testimony, expert testimony and reports, and all other discovery taken pursuant to the Federal Rules of Civil Procedure, as well as testimony adduced at trial, trial exhibits, matters in evidence and any other information used or disclosed at trial, hereafter furnished, directly or indirectly, by or on behalf of any party, non-party or witness in connection with this Action ("Discovery Material").

2. As used herein, "Producing Party" shall refer to any party to this Action and to any non-party (including Clearview) who gives testimony or produces documents or other information, and "Receiving Party" shall refer to any individual who receives, is shown, or is exposed to material or information pursuant to this Protective Order.

## DESIGNATION

3. My Producing Party may designate Discovery Material as "CONFIDENTIAL" or as "ATTORNEYS EYES ONLY" in accordance with this Protective Order. The burden of establishing that Discovery Material is CONFIDENTIAL or ATTORNEYS EYES ONLY as defined herein shall be on the Producing Party. The designation of any Discovery Information as CONFIDENTIAL or ATTORNEYS EYES ONLY shall be deemed effective unless and until the Court orders otherwise or the Producing Party withdraws the designation.

4. Discovery Material falling into one or more of the following categories may be designated as CONFIDENTIAL: (i) proprietary research, development and/or technical information that is not publicly available and that is not expressly contained in public information; and (ii) sensitive financial, business

ANDREWS KURTH LLP
601 SOUTH FIGUEROA STREET, SUITE 3700
LOS ANGELES, CALIFORNIA 90017-5742
(213) 896-3100

or commercial information that is not publicly available and that is not expressly contained in public information.

5. Discovery Material falling into one or more of the following categories may be designated as ATTORNEYS EYES ONLY: (i) proprietary research, development and/or technical information that is not publicly available and that is highly sensitive; (ii) highly sensitive financial, business or commercial information that is not publicly available and that is not expressly contained in public information.

6. The Producing Party may designate documents or other Discovery Material as CONFIDENTIAL or ATTORNEYS EYES ONLY by placing either of the following legends or similar legends on the document or thing: CONFIDENTIAL -- Civil Action No. 07 CV 05829SVW (RCx) or ATTORNEYS EYES ONLY -- Civil Action No. 07 CV 05829SVW (RCx); provided, however, that in the event that original documents are produced for inspection, the Producing Party shall place the appropriate legend on the documents in the copying process.

7. My party or non-party may designate discovery requests or responses (and the information contained therein) as CONFIDENTIAL or as ATTORNEYS EYES ONLY by placing either of the following legends on the face of any such document:

> "Contains CONFIDENTIAL information. Designated parts not to be used, copied or disclosed except as authorized by Court Order or the party or parties whose CONFIDENTIAL information is included;" or

> "Contains ATTORNEYS EYES ONLY information. Designated parts not to be used, copied or disclosed except as authorized by Court Order or the party or parties whose ATTORNEYS EYES ONLY information is included."

ANDREWS KURTH LLP
601 SOUTH FIGUEROA STREET, SUITE 3700
LOS ANGELES, CALIFORNIA 90017-5742
(213) 896-3100

In the case of discovery requests or responses, a statement may also be included within the document specifying the portion(s) thereof designated as CONFIDENTIAL or as ATTORNEYS EYES ONLY.

8. Any party or non-party may designate depositions and other testimony (including exhibits) as CONFIDENTIAL or as ATTORNEYS EYES ONLY by stating on the record at the time the testimony is given that the entire testimony or portions thereof shall be designated as CONFIDENTIAL or as ATTORNEYS EYES ONLY. The following legend shall be placed on the front of any deposition transcript (and, if videotaped, any copies of the videotape) containing CONFIDENTIAL or ATTORNEYS EYES ONLY information:

> "Contains CONFIDENTIAL information. Designated parts not to be used, copied or disclosed except as authorized by Court Order or the party or parties whose CONFIDENTIAL information is included;" or

> "Contains ATTORNEYS EYES ONLY information. Designated parts not to be used, copied or disclosed except as authorized by Court Order or the party or parties whose ATTORNEYS EYES ONLY information is included."

9. Subject to any overriding rules imposed by the Court in this Action, all CONFIDENTIAL or ATTORNEYS EYES ONLY material, or any excerpt, reproduction or paraphrase thereof, filed with the Court shall be filed in accordance with Local Rule 79-5, ~~envelope or other appropriate sealed container on which the following shall be~~ endorsed: (i) the caption of this Action; (ii) the words "CONFIDENTIAL — Restricted Access According to Court Order" or "ATTORNEYS EYES ONLY — Restricted Access According to Court Order" as an indication of the nature of the content; and (iii) a statement in substantially the following form:

1  "This envelope, containing documents which are filed in
2  this case by (name of party), is not to be opened or the
3  contents thereof to be displayed or revealed except by
4  Order of Court or consent of the parties."

5  The Clerk of Court is directed to maintain under seal all material filed in this Action that has been marked or designated, in whole or in part, as CONFIDENTIAL or as ATTORNEYS EYES ONLY and filed in accordance with this Paragraph 9. Subject to public policy, and further court order, nothing shall be filed under seal, and the court shall not be required to take any action, without separate prior order by the Judge before whom the hearing or proceeding will take place, after application by the affected party with appropriate notice to opposing counsel.

## USE

10. All Discovery Material produced in this case, including Discovery Material designated CONFIDENTIAL or ATTORNEYS EYES ONLY, shall be used only in preparation for, and in, the trial of this Action or any appeal therefrom and cannot be used for any other purpose including, but not limited to, any other litigation, arbitration or claim. Nothing in this Protective Order shall preclude a Producing Party from using or disseminating its own CONFIDENTIAL or ATTORNEYS EYES ONLY material.

11. All material designated CONFIDENTIAL or as ATTORNEYS EYES ONLY shall be protected from disclosure as specified herein, unless a party obtains an Order of the Court declaring that all or certain portions of such Discovery Material are not, in fact, protected.

12. Third parties (including Clearview) may (i) designate deposition transcripts of their witnesses and any documents or information they produce, whether voluntarily or by subpoena, CONFIDENTIAL or ATTORNEYS EYES ONLY to the same extent and in the same manner as parties to this Action and any

such materials and information shall be treated by the parties to this Action in the same manner as materials and information so designated by a party, and (ii) intervene in this Action to enforce the provisions of this Protective Order as if they were a party.

## DISCLOSURE

13. Unless otherwise directed by the Court or authorized in writing by the Producing Party, Discovery Material designated as CONFIDENTIAL may be disclosed by the Receiving Party only to the following persons:

(a) any "outside" attorney of record in this Action (including attorneys employed by firms of record but not otherwise identified specifically on pleadings);

(b) no more than five (5) "in-house" attorneys representing a party to this Action, including Clearview's in-house attorneys;

(c) support personnel for attorneys listed in sub-paragraphs (a) and (b) above, including law clerks, analysts, paralegals, secretaries, and clerical staff employed by any attorney identified in sub-paragraphs (a) or (b) and assisting in connection with this Action;

(d) any outside expert or consultant who is expressly retained or sought to be retained by any attorney described in sub-paragraphs (a) or (b) to assist in the preparation of this Action for trial, with disclosure only to the extent necessary to perform such work;

(e) no more than five (5) officers of each Receiving Party, provided that they receive only derived summaries of CONFIDENTIAL Discovery Material for the sole and exclusive purpose of evaluating litigation strategy;

(f) any interpreter, or court or other shorthand reporter, videographer or typist translating, recording or transcribing testimony;

(g) service contractors (such as document copy services), jury consultants and graphic artists;

(h) any person who authored and/or was an identified original recipient of the particular CONFIDENTIAL material sought to be disclosed to that person, or any deponent when the examining attorney has a good faith basis to believe the deponent is aware of the particular CONFIDENTIAL material sought to be disclosed;

(i) personnel of the Court and all appropriate courts of appellate jurisdiction; and

(j) any other person agreed to by the Producing Party in writing. CONFIDENTIAL material shall not be disclosed to persons described in paragraphs 14 (b), (d), (e) or (j) unless and until such person has executed the affidavit in the form attached as Exhibit A. CONFIDENTIAL material shall not be disclosed to any person unless such person is authorized to receive CONFIDENTIAL material pursuant to Paragraphs 14 and 16 of this Protective Order.

14. Unless otherwise directed by the Court or authorized in writing by the Producing Party, Discovery Material designated as ATTORNEYS EYES ONLY may be disclosed by the Receiving Party only to the following persons:

(a) any "outside" attorney of record in this Action (including attorneys employed by firms of record but not otherwise identified specifically on pleadings);

(b) no more than five (5) "in-house" attorneys representing a party to this Action, including Clearview's in-house attorneys (with any in-house attorney obtaining access under sub-paragraph 13(b) counting against this sub-paragraph 14(b) as well);

(c) support personnel for attorneys listed in sub-paragraphs (a) and (b) above, including law clerks, analysts, paralegals, secretaries, and clerical staff employed by any attorney identified in sub-paragraphs (a) or (b) and assisting in connection with this Action;

(d) any outside expert or consultant who is expressly retained or sought to be retained by any attorney described in sub-paragraphs (a) or (b) to assist in preparation of this Action for trial, with disclosure only to the extent necessary to perform such work;

(e) no more than five (5) officers of each Receiving Party, provided that they receive only derived summaries of ATTORNEYS EYES ONLY Discovery Material for the sole and exclusive purpose of evaluating litigation strategy;

(f) any interpreter, or court or other shorthand reporter, videographer or typist translating, recording or transcribing testimony;

(g) service contractor (such as document copy services), jury consultants and graphic artists;

(h) any person who authored and/or was an identified original recipient of the particular ATTORNEYS EYES ONLY material sought to be disclosed to that person, or any deponent when the examining attorney has a good faith basis to believe the deponent is aware of the particular ATTORNEYS EYES ONLY material sought to be disclosed;

(i) personnel of the Court and all appropriate courts of appellate jurisdiction; and

(j) any other person agreed to by the Producing Party in writing. ATTORNEYS EYES ONLY material shall not be disclosed to persons described in paragraphs 14 (b), (d), (e) or (j) unless and until such person has executed the affidavit in the form attached as Exhibit A. ATTORNEYS EYES ONLY material shall not be disclosed to any person unless such person is authorized to receive ATTORNEYS EYES ONLY material pursuant to Paragraphs 12, 14 and 15 of this Protective Order.

15. At least seven (7) days before the disclosure of any CONFIDENTIAL or ATTORNEYS EYES ONLY material of the Producing Party is made to an individual described above in Paragraph 13, sub-paragraphs (d) or (j) or Paragraph

14, sub-paragraphs (d) or (j), an attorney for the Receiving Party shall serve a Notice on the Producing Party identifying said individual by name and including a curriculum vitae or equivalent resume setting forth such person's present residence and business address(es), current employer and job title, any company or companies by which that individual was employed during the past five (5) years, and a list of all consulting agreements or arrangements that said individual may have entered into during the past five (5) years. The list should disclose the name and address of each such entity for which consulting work is being, or has been, performed, and the subject matter of that consulting work. If disclosure of either the identity of the entity for which the work is being performed or the subject matter of that work, or both, is deemed proprietary by the Receiving Party, then the fact that certain information is being withheld on the basis that it is proprietary shall be disclosed by the Receiving Party, and any such information that is not deemed proprietary shall be disclosed. Such notice shall be accompanied by an executed acknowledgement from the individual to whom the disclosure is to be made, in the form of Exhibit A attached hereto. In the event that said individual enters into any subsequent consulting agreements or arrangements, the Receiving Party shall promptly notify the Producing Party of such agreements or arrangements. The Producing Party shall state any objections to the proposed disclosure of CONFIDENTIAL or ATTORNEYS EYES ONLY information to any individual described in Paragraph 13, sub-paragraphs (d) or (j) or Paragraph 14, subparagraphs (d) or (j) and state the reasons therefor in writing to the Receiving Party within seven (7) days of receipt of the Notice. Upon the making of any such objection(s), the Producing Party shall have ten (10) days (or any additional time which may be granted by the Court or agreed to by stipulation of the parties) from sending its objection(s) in which to challenge, by filing an ~~expedited~~ motion, pursuant to Local Rule 37, the disclosure of CONFIDENTIAL or ATTORNEYS EYES ONLY information. Unless the Producing Party objects to the disclosure and files

an expedited motion in accordance with the Notice and timing provisions of this Paragraph 15 and Paragraph 29, the Producing Party waives its right to challenge the disclosure of CONFIDENTIAL or ATTORNEYS EYES ONLY information to the identified individual(s), and the individual identified in the Notice shall be considered a qualified recipient of CONFIDENTIAL or ATTORNEYS EYES ONLY material under the terms of this Protective Order. Should the Producing Party properly object and file its ~~expedited~~ motion, CONFIDENTIAL or ATTORNEYS EYES ONLY material will not be disclosed pending resolution of the expedited motion. Before the disclosure of any CONFIDENTIAL or ATTORNEYS EYES ONLY material of the Producing Party is made to an individual described above in Paragraph 13, sub-paragraphs (b) or (e), or Paragraph 14, sub-paragraphs (b) or (e), an attorney for the Receiving Party shall obtain from each such person an executed copy of the affidavit attached as Exhibit A and shall thereafter retain such executed affidavits at least until the Termination of this Action (defined below).

16. The recipient of any CONFIDENTIAL or ATTORNEYS EYES ONLY material that is provided under this Protective Order shall maintain such information in a secure and safe area and shall exercise the same standard of due and proper care with respect to the storage, custody, use and or dissemination of such information as is exercised by the recipient with respect to its own proprietary information.

**EXEMPTED MATERIALS**

17. None of the provisions of this Protective Order shall apply to the following categories of documents and information, and any party may seek to remove the restrictions set forth herein on the ground that information designated as CONFIDENTIAL or ATTORNEYS EYES ONLY has/had been:

(a) available to the public at the time of its production hereunder;

(b) available to the public after the time of its production through no act,

or failure to act, on behalf of the Receiving Party, its counsel, representatives or experts;

(c) known to such Receiving Party, or shown to have been independently developed by such Receiving Party, prior to its production herein without use or benefit of the information;

(d) obtained outside of this Action by such Receiving Party from the Producing Party without having been designated as CONFIDENTIAL or as ATTORNEYS EYES ONLY; provided, however, that this provision does not negate any pre-existing obligation of confidentiality;

(e) obtained by such Receiving Party after the time of disclosure hereunder from a third party having the right to disclose the same; or

(f) previously produced, disclosed and/or provided by the Producing Party to the Receiving Party or any third party without an obligation of confidentiality.

The Receiving Party shall have the burden of proof to remove the restrictions set forth herein based on grounds (a)-(f).

18. None of the limitations on disclosure of this Protective Order shall apply to the following category of documents and information, and any party may seek to remove the restrictions set forth herein on the ground that:

(a) information designated CONFIDENTIAL or ATTORNEYS EYES ONLY does not fall within the definitions of "CONFIDENTIAL" or "ATTORNEYS EYES ONLY" set forth in paragraphs 4 and 5 above. The Producing Party shall have the burden of proof of establishing that Discovery Material challenged under this Paragraph 18 constitutes CONFIDENTIAL or ATTORNEYS EYES ONLY Discovery Material as defined in Paragraphs 4 and 5.

**INADVERTENT PRODUCTION/DESIGNATION**

19. The inadvertent production of documents subject to the attorney-client privilege or the attorney work-product doctrine will not waive the attorney-client

1  privilege or the attorney work-product doctrine. In addition, the fact that a
2  document was inadvertently produced shall not be used in any manner as evidence
3  in support of any such alleged waiver. Upon a request from a party that has
4  inadvertently produced any document which it believes may be subject to the
5  attorney-client privilege or attorney work-product doctrine, each party receiving
6  said document shall return it and all copies within three (3) business days to the
7  Producing Party. Nothing herein shall prevent the Receiving Party from preparing
8  a record for its own use containing the date, author, address(es), and topic of the
9  document and such other information as is reasonably necessary to identify the
10 document and describe its nature to the Court in any motion to compel production
11 of the document under Local Rule 37 procedures. Such a record of the identity and nature of a document may not
12 be used for any purpose other than preparation of a motion to compel in this
13 Action. After the return of the document(s), the Receiving Party may challenge the
14 Producing Party's claim(s) of privilege or work-product by motion to the Court.
15     20.  The inadvertent failure by a party to designate Discovery Material as
16 CONFIDENTIAL or as ATTORNEYS EYES ONLY shall not be a waiver of such
17 designation provided that the party who fails to make such designation informs the
18 Receiving Party that such Discovery Material is CONFIDENTIAL or
19 ATTORNEYS EYES ONLY within seven (7) days from when the failure to
20 designate first became known to the Producing Party. The party receiving
21 Discovery Material that the Producing Party inadvertently failed to designate as
22 CONFIDENTIAL or ATTORNEYS EYES ONLY shall not be in breach of this
23 Order for any use made of such Discovery Material before the Receiving Party is
24 informed of the inadvertent failure to designate. Once the Receiving Party has
25 been informed of the inadvertent failure to designate pursuant to this Paragraph 20,
26 the Receiving Party shall take reasonable steps to, at the Producing Party's option,
27 either ensure that all copies of any such Discovery Materials are returned promptly
28 to the Producing Party or ensure that all copies of any such Discovery Materials

ANDREWS KURTH LLP
601 SOUTH FIGUEROA STREET, SUITE 3700
LOS ANGELES, CALIFORNIA 90017-5742
(213) 896-3100

are marked with the proper designation and distributed only as permitted under Paragraphs 13 through 17 of this Protective Order. If data or information has been extracted from any Discovery Materials that are subsequently re-designated pursuant to this Paragraph 20, to the extent possible, the information and/or data will be expunged and not used.

21. In the event of disclosure of Discovery Material designated CONFIDENTIAL or ATTORNEYS EYES ONLY to any person not authorized to such access under this Protective Order, the party responsible for having made such disclosure, and each party with knowledge thereof, shall immediately inform counsel for the party whose Discovery Material has been disclosed of all known relevant information concerning the nature and circumstances of the disclosure. The party responsible for improperly disclosing such Discovery Material shall also promptly take all reasonable measures to retrieve the improperly disclosed Discovery Material and to ensure that no further or greater unauthorized disclosure and/or use thereof is made.

## USE IN COURTROOM PROCEEDINGS

22. In the event that any CONFIDENTIAL or ATTORNEYS EYES ONLY material is to be used in any court proceeding, the Producing Party may seek an appropriate protective order from the Court before its introduction, and in any event, it shall not lose its confidential status through such use, and the parties shall take all steps reasonably required to protect its confidentiality during such use.

## OBJECTION TO DESIGNATIONS

23 Any party may object to the designation by the Producing Party of any material as CONFIDENTIAL or as ATTORNEYS EYES ONLY. The process for making such an objection and for resolving the dispute shall be as follows:

(a) The objecting party shall notify the Producing Party in writing as to its objection(s) to the designations. This notice shall include, at a minimum, a

[PROPOSED] STIPULATED PROTECTED ORDER

1  specific identification of the designated material objected to as well as the
2  reason(s) for the objection.
3              (b) The objecting party shall thereafter have the burden of conferring
4  either in person or by telephone with the Producing Party claiming protection (as
5  well as any other interested party) in a good faith effort to resolve the dispute.
6              (c) Failing agreement, the objecting party may bring a noticed motion to
7  the Court, in compliance with Local Rule 37, for a ruling that the Discovery Material sought to be protected is not
8  entitled to such designation. The Producing Party bears the burden to establish that
9  the Discovery Material is CONFIDENTIAL or ATTORNEYS EYES ONLY and
10 entitled to such protection under this Protective Order. Notwithstanding any such
11 challenge to the designation of material as CONFIDENTIAL or ATTORNEYS
12 EYES ONLY, all such material so designated shall be treated as such and shall be
13 subject to the provisions of this Protective Order until one of the following occurs:
14 (1) the party who designated the material as CONFIDENTIAL or ATTORNEYS
15 EYES ONLY withdraws such designation in writing, or (2) the Court rules that the
16 designation is not proper and that the designation be removed.

17                    **RETURN/DESTRUCTION OF MATERIALS**
18         24.    Not later than thirty (30) days after the Termination of this Action
19 (defined below), all CONFIDENTIAL or ATTORNEYS EYES ONLY material,
20 including all copies and derivative works thereof, shall be returned to the
21 Producing Party or, with advance written consent of the Producing Party,
22 destroyed, except that each parties' outside counsel may maintain one copy for
23 archival purposes. The party receiving any CONFIDENTIAL or ATTORNEYS
24 EYES ONLY material shall certify in writing that all such material, including
25 CONFIDENTIAL or ATTORNEYS EYES ONLY material disclosed hereunder,
26 has been returned or destroyed.

27                        **MISCELLANEOUS PROVISIONS**
28        25.    This stipulated Protective Order is without prejudice to the right of

ANDREWS KURTH LLP
601 SOUTH FIGUEROA STREET, SUITE 3700
LOS ANGELES, CALIFORNIA 90017-5742
(213) 896-3100

1  any party to seek further or additional protection of information for which the
2  protection of this order is not believed by such party to be adequate. Nothing in
3  this Protective Order shall be deemed to bar or preclude any Producing Party from
4  seeking such additional protection, including, without limitation, an order that
5  certain matter may not be discovered at all.

6      26.    The entry of this Protective Order shall not be construed as a waiver
7  of any right to object to the furnishing of information in response to discovery and,
8  except as expressly provided, shall not relieve any party of the obligation of
9  producing information in the course of discovery.

10      27.    If at any time CONFIDENTIAL or ATTORNEYS EYES ONLY
11  material is subpoenaed by any court, arbitral, administrative or legislative body,
12  the person to whom the subpoena or other request is directed shall immediately
13  give written notice thereof to counsel for every party who has produced such
14  CONFIDENTIAL or ATTORNEYS EYES ONLY material and shall provide each
15  such party with an opportunity to object to the production of CONFIDENTIAL or
16  ATTORNEYS EYES ONLY materials. If the Producing Party does not move for
17  a protective order within ten (10) days of the date written notice is given, the party
18  to whom the referenced subpoena is directed may produce, on or after the date set
19  for production in the subpoena but not prior to the end of the ten (10) day notice
20  period, such material in response thereto.

21      28.    Counsel for any party to this Protective Order shall have the right to
22  exclude from depositions, other than the deponent and the reporter, any person
23  who is not authorized under this Protective Order to receive materials or
24  information designated as CONFIDENTIAL or ATTORNEYS EYES ONLY.
25  Such right of exclusion shall be applicable only during periods of examination or
26  testimony directed to CONFIDENTIAL or ATTORNEYS EYES ONLY material.

27      29.    All notices required by any paragraphs of this Protective Order are to
28  be made by facsimile or Email to counsel representing the noticed party. The date

ANDREWS KURTH LLP
601 SOUTH FIGUEROA STREET, SUITE 3700
LOS ANGELES, CALIFORNIA 90017-5742
(213) 896-3100

1  by which a party receiving notice shall respond or otherwise take action shall be
2  computed from the date of receipt of the notice. Any of the notice requirements
3  herein may be waived in whole or in part, but only in writing signed by an attorney
4  for the Producing Party. All specified time periods are in calendar days.

5      30.   Nothing in this Protective Order shall bar or otherwise restrict counsel
6  from rendering advice to his or her client with respect to this Action and, in the
7  course thereof, relying in a general way upon his or her examination of
8  CONFIDENTIAL or ATTORNEYS EYES ONLY material produced or
9  exchanged in this Action; provided, however, that in rendering such advice and in
10 otherwise communicating with his or her client, the attorney shall not disclose the
11 contents of CONFIDENTIAL or ATTORNEYS EYES ONLY material produced
12 by any other party or non-party.

13     31.   Execution of this Protective Order shall not constitute a waiver of the
14 right of any party to claim in this Action or otherwise that any documents, or any
15 portion thereof, are privileged or otherwise non-discoverable, or are not admissible
16 in evidence in this Action or any other proceeding.

17     32.   All persons receiving CONFIDENTIAL or ATTORNEYS EYES
18 ONLY materials are enjoined from producing them to any other persons, except in
19 conformance with this Protective Order. Each individual who receives
20 CONFIDENTIAL or ATTORNEYS EYES ONLY material agrees to subject
21 himself/herself to the jurisdiction of this Court for the purpose of any proceedings
22 relating to the performance under, compliance with or violation of this Protective
23 Order.

24     33.   For purposes of this Protective Order, "Termination of this Action" is
25 defined to mean the exhaustion of all appeals from orders and final judgments in
26 this Action or the settlement of this action by the parties.

27     34.   The parties agree that the terms of this Protective Order shall survive
28 and remain in effect after the Termination of this Action. ~~The Court shall retain~~

ANDREWS KURTH LLP
601 SOUTH FIGUEROA STREET, SUITE 3700
LOS ANGELES, CALIFORNIA 90017-5742
(213) 896-3100

1 ~~jurisdiction to hear disputes arising out of this Protective Order.~~

2  35. Any party may move at any time to modify the terms of this Protective Order. A party seeking to modify this Protective Order shall request only the minimum modification as is reasonably necessary to address the grounds upon which its motion to modify is based.

6  36. Any headings used in this Protective Order are for reference purpose o be used to construe or limit the meaning of any provision.

8  37. This Protective Order may be executed in any number of counterparts, upon completed execution thereof by all parties, collectively shall be deemed to constitute one original.

**PLAINTIFF**

RICHARD WHITMAN
By: /s/ Robert Harken

George A. Barton
Robert Harken
Counsel for Plaintiff

**DEFENDANTS**

JOHN M. LINTON AND
CLEARVIEW PARTNERS, LLC


By: /s/ Terry L. Higham
    Jeffery K. Gordon
    Ralph W. Tarr
    Terry L. Higham
    Counsel for Defendants

**FOR GOOD CAUSE APPEARING, IT IS SO ORDERED,** as amended in paragraphs 9, 14(j), 15, 19, 23(c) and 34.

Dated 2/28, 2008

_[signature]_
The Honorable Rosalyn Chapman
United States Magistrate Judge

ANDREWS KURTH LLP
601 SOUTH FIGUEROA STREET, SUITE 3700
LOS ANGELES, CALIFORNIA 90017-5742
(213) 896-3100

# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD WHITMAN,<br><br>Plaintiff,<br><br>v.<br><br>JOHN M. LINTON, an individual, and CLEARVIEW PARTNERS, LLC, A Texas Limited Liability Company,<br><br>Defendants. | Case No. CV-07-05829 SVW-RCx<br><br>*The Honorable Stephen V. Wilson*<br><br>**[PROPOSED] STIPULATED PROTECTED ORDER** |

## AGREEMENT CONCERNING INFORMATION
## COVERED BY THE STIPULATED PROTECTIVE ORDER

I certify that I have read and am fully familiar with the terms of the stipulated Protective Order entered on _____, 2008 in the above-captioned litigation and agree to be bound by its terms. Specifically, I will not disclose or permit the unauthorized viewing or disclosure of CONFIDENTIAL or ATTORNEYS EYES ONLY material, as set forth in said stipulated Protective Order, or the information contained therein.

I hereby submit to the jurisdiction of the Court for the purpose of ensuring compliance with this stipulated Protective Order.

_____
Date

_____
Signature

_____
Printed Name

_____
Address

ANDREWS KURTH LLP
601 SOUTH FIGUEROA STREET, SUITE 3700
LOS ANGELES, CALIFORNIA 90017-5742
(213) 896-3100

LOS:111015.1

[PROPOSED] STIPULATED PROTECTED ORDER